UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>CHERYL S. SULLIVAN<br><br>Debtor | Chapter 7<br>Case No. 16-12213-MSH |

**ORDER ON MOTION OF DEUTSCHE BANK NATIONAL TRUST COMPANY FOR ORDER CONFIRMING AUTOMATIC STAY IS NO LONGER IN EFFECT**

The motion of Deutsche Bank National Trust for an order confirming that the automatic stay is no longer in effect came on for emergency hearing before me today. Counsel for the bank and counsel for the debtor were present. Counsel for the bank argued that because the property in Walpole which is the subject of the motion was foreclosed upon and title transferred to the bank prior to the commencement of this case, the property never became property of the bankruptcy estate and as such the automatic stay does not apply to the bank's proceeding with a state court action to evict the debtor from the property. The debtor maintains that the automatic stay remains in force with respect to the eviction proceeding.

While the bank is correct that foreclosure and sale to a third party removes real property from the bankruptcy estate so that the automatic stay would not apply to actions with respect to such property, an attempt to deprive a debtor of her possessory interest in the property (even an allegedly wrongful one) remains subject to the stay. "That is because a debtor's bare possessory interest in realty is property of the estate that is protected by the automatic stay even if the realty itself is not property of the estate." *In re Fitzgerald*, 237 B.R. 252, 258 (Bankr. D. Conn. 1999) (citations omitted). As the Third Circuit Court of Appeals has declared:

> We join with the Court of Appeals for the Second Circuit in holding that a possessory
> interest in real property is within the ambit of the estate in bankruptcy under Section 541,

and thus the protection of the automatic stay of Section 362. *See In re 48th St. Steakhouse*, 61 B.R. 182, 187 (S.D.N.Y.1986), *aff'd*, 835 F.2d 427 (2d Cir.1987), *cert. denied*, 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988). *Accord In Re Turbowind, Inc.*, 42 B.R. 579, 585 (Bankr.S.D.Cal.1984); *Matter of Marcott*, 30 B.R. 633, 636 (Bankr.W.D.Wis.1983).

Applying the above principles to the facts of this case, we hold that a debtor's possession of a tenancy at sufferance creates a property interest as defined under Section 541, and is protected by Section 362 of the Bankruptcy Code. The language of Section 362 makes clear that mere possession of property at the time of filing is sufficient to invoke the protections of the automatic stay.

*Cuffee v. Atl. Bus. & Cmty. Dev. Corp. (In re Atl. Bus. & Cmty. Corp.)*, 901 F.2d 325, 328 (3d Cir. 1990).

Accordingly, it is hereby ORDERED that the automatic stay provisions of the Bankruptcy Code are in full force and effect with respect to the Bank's efforts to evict the debtor. The Bank's oral motion at today's hearing for relief from stay is denied without prejudice.

June 21, 2016

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

2